## SETTLEMENT AGREEMENT AND
## FULL AND FINAL RELEASE OF CLAIMS

This Settlement Agreement and Full and Final Release of Claims ("Agreement") is entered into by and between Maria Remedios Garcia Alvarez ("Garcia Alvarez") and Diverse Staffing Georgia, Inc. ("Diverse Staffing") and Tienda y Carniceria La Unica, (collectively referred to as "Releasees" or "Released Parties") on their own behalf and on behalf of their respective past and present parent companies, subsidiaries and affiliates, and their respective past and present heirs, owners, shareholders, predecessors, successors, assigns, partners, representatives, officers, directors, agents, employees, and insurers (Garcia Alvarez, Diverse Staffing, and La Unica are collectively referred to herein as the " Parties").

WHEREAS, Garcia Alvarez previously worked for La Unica and received payroll checks from Diverse Staffing;

WHEREAS, on August 16, 2017, Garcia Alvarez filed a lawsuit styled *Maria Remedios Garcia Alvarez v. Tienda y Carniceria La Unica, Inc. and Diverse Staffing Georgia, Inc. formerly known as Bain Services and formerly doing business as Bain Services,* United States District Court for the Northern District of Georgia, Atlanta Division, and bears Civil Action File No. 1:17-cv-01818 (the "Action") asserting claims for overtime wages under the Fair Labor Standards Act. Garcia Alvarez represents that no other charges, actions or claims are pending on Garcia Alvarez's behalf, other than those set forth in this paragraph and except to the extent that there remains pending proceedings in *Maria Remedios Garcia Alvarez v. Tienda y Carniceria La Unica, Inc,* United States District Court for the Northern District of Georgia, Atlanta Division, and bears Civil Action File No. 1:17-cv-88 (the "Previous Action") relating to attorneys' fees, costs, and expenses, and Garcia Alvarez and her attorneys' retain the rights relating to such lawsuit to seek or oppose such fees, costs, and expenses, and to appeal any order in the Previous Action relating to same; Diverse Staffing and La Unica contend that Garcia Alvarez was paid all proper overtime wages, is not owed any additional overtime wages and denies that it owes Garcia Alvarez any alleged unpaid overtime wages or any other amount Garcia Alvarez is claiming.

WHEREAS, Releasees deny all claims asserted in the Action by Garcia Alvarez, including each of her claims asserted in the Action and deny that Garcia Alvarez is entitled to any relieve whatsoever;

WHEREAS, to avoid the uncertainty, burdens, and expense of further litigation, and without admission or finding of liability or wrongdoing on the part of Releasees– such being expressly denied by Releasees– the Parties desire fully and finally to resolve the Action, all monetary damages and other relief of any nature whatsoever alleged in or sought by the Action, and any and all other FLSA or wage-related claims or disputes, that have been made or could have been made by or on behalf of Garcia Alvarez against Releasees relating to conduct or events occurring at any time prior to and including the date on which this Agreement is executed; and

WHEREAS, the Parties recognize that a bona fide dispute existed as to liability, if any, for attorneys' fees, expenses and costs and that this Agreement represents a bona fide compromise of

1

all claims by Garcia Alvarez for attorneys' fees, expenses and costs, which was negotiated at arms-length by counsel for the parties.

NOW, THEREFORE, in consideration of the promises that are contained in this Agreement and other good and valuable consideration, the legal adequacy and sufficiency of which is acknowledged, it is agreed as follows:

1. **Non-Admission.** This Agreement and compliance with this Agreement shall not be construed as an admission by Diverse Staffing, or La Unica of any liability whatsoever, or as an admission by Diverse Staffing, or La Unica of any violation of the rights of any person or entity, violation of any order, law, statute, duty, or contract whatsoever against any person or entity. Diverse Staffing, and La Unica, and specifically disclaim any liability to Garcia Alvarez or any other person for any alleged violation of the rights of Garcia Alvarez or any person, or for any alleged violation of any order, law, statute, duty, or contract on the part of Releasees, or by any of Releasees' employees or agents.

2. **No Other Claim for Wages.** Upon receipt of the proceeds specified in this Agreement, Garcia Alvarez agrees that she has been fully paid for all hours worked for Diverse Staffing and La Unica, that she does not have any claims for wages, overtime, liquidated damages, attorneys' fees or any other claims against Releasees.

3. **Dismissal of Action with Prejudice.** In exchange for the consideration described in Paragraph 5 herein-below, Garcia Alvarez agrees to take all action necessary to withdraw or otherwise dismiss with prejudice any and all claims currently pending against Releasees; except to the extent that there remains pending proceedings in the Previous Action relating to claims for attorneys' fees, costs, and expenses. Garcia Alvarez further agrees to cooperate in obtaining court approval of this settlement and Garcia Alvarez agrees to dismiss with prejudice the above-referenced Lawsuit. The Parties will cooperate in the filing of a joint motion for approval of the settlement within five (5) business days of the date of the execution of this Agreement.

4. **Settlement Consideration.**

   a. Payment to Garcia Alvarez: Within the time and in the manner specified in subparagraph (b) below, Releasees will pay to Garcia Alvarez the gross amount of Two Thousand Seven Hundred Fifty and 00/100 Dollars ($2,750) (the "Settlement Proceeds") representing payment of all claimed damages to Garcia Alvarez, and made payable as follows:

   (1) Wage and Non-Wage Income. A check in the amount of One Thousand Three Hundred Seventy Five and 00/100 Dollars ($1,375.00) made payable to Maria Remedios Garcia Alvarez from which no withholdings will be made and for which La Unica will issue an IRS Form

2

1099 to Garcia Alvarez designating this payment as "other income"; a check in the amount of One Thousand Three Hundred Seventy Five and 00/100 Dollars ($1,375.00) made payable to Maria Remedios Garcia Alvarez from which statutory tax withholdings will be made and for which Diverse Staffing will issue a W-2 to Garcia Alvarez designating this payment as wages.

(2)  **Attorneys' Fees and Expenses.** Payment of Five Thousand Nine Hundred and 00/100 Dollars ($5,900) made payable to Hall & Lampros, LLP for Garcia Alvarez's attorneys' fees and expenses for which a 1099 will be issued to her attorneys, Hall & Lampros, LLP.

b.  **Timing and Manner of Payment and Conditions Precedent:** The checks making payment under this Agreement to Garcia Alvarez and her counsel (the "Settlement Checks") will be forwarded to Garcia Alvarez's counsel, Hall & Lampros, LLP, within ten (10) business days after the U.S. District Court enters an Order approving this settlement and dismissing the Lawsuit with Prejudice.

5.  **Release by Garcia Alvarez.**

   a.  **Claims Released by Garcia Alvarez.** Garcia Alvarez irrevocably and unconditionally releases all monetary damages and other relief of any nature whatsoever alleged in or sought by the Action, and any and all other FLSA or wage-related claims or disputes that have been made or could have been made by or on behalf of Garcia Alvarez against Diverse Staffing, or La Unica or any of the Released Parties listed in Paragraph 6(b) relating to conduct or events occurring at any time prior to and including the date on which this Agreement is executed. ("Released Claims"). However, Garcia Alvarez is not releasing any claim that relates to: (1) the right to enforce this Agreement, (2) any rights or claims that arise after signing this Agreement, and (3) any rights or claims that cannot lawfully be released.

   b.  **Released Parties.** The "Released Parties" are Diverse Staffing Georgia, Inc., La Unica and all of their predecessors, successors, current, future and former parent companies, subsidiaries, affiliates, related companies, partnerships, investors, or joint ventures, and, with respect to each of them, their predecessors and successors; and, with respect to each such entity, all of its past, present, and future employees, officers, directors, stockholders, owners, representatives, assigns, attorneys, agents, insurers, plans, trustees, and any other persons acting by, through, under or in concert with any of the persons or entities listed in this subparagraph, and their successors. Any individual person or entity included in the Released Parties shall be referred to individually as a "Released Party."

3

  c. **Unknown Claims.** Garcia Alvarez understands that she is releasing the Released Parties from Released Claims that she may not know about. That is her <u>knowing and voluntary intent</u>, even though she recognizes that someday she might learn that some or all of the facts she currently believes to be true are untrue. Nevertheless, Garcia Alvarez is assuming that risk and agrees that this Agreement shall remain effective in all respects in any such case. Garcia Alvarez expressly waives all rights she might have under any law that is intended to protect her from waiving unknown claims. Garcia Alvarez understands the significance of doing so.

  d. **Ownership of Claims.** Garcia Alvarez agrees that she has not assigned or transferred any Released Claim, nor has she attempted to do so. She expressly represents and warrants that she has the full legal authority to enter into this Agreement for herself, and does not require the approval of anyone else.

6. **Pursuit of Released Claims.** Other than the Action and the Previous Action, Garcia Alvarez represents and warrants that she has not filed or caused to be filed any demand for arbitration, lawsuit, complaint, or charge with respect to any Released Claims, and promises never to file or prosecute any demand for arbitration, lawsuit, or complaint based on any such claim, except as set forth in paragraph No. 3 relating to attorneys' fees, costs, and expenses in the Previous Action. Garcia Alvarez understands that while she is not precluded from filing a charge with an administrative agency, she promises never to seek any damages, remedies, or other relief for herself personally (any right to which she hereby waives) by filing or prosecuting a charge with any administrative agency with respect to any such released claim.

7. **No Future Employment.** Garcia Alvarez agrees and recognizes that her employment relationship with Diverse Staffing has forever ended. Garcia Alvarez hereby understands and agrees that she will not be re-employed by Diverse Staffing or its subsidiaries, divisions and affiliates in the future and that she will never knowingly apply to La Unica, Diverse Staffing or their subsidiaries, divisions and affiliates for any job or position in the future. Garcia Alvarez agrees that if she knowingly or unknowingly applies for a position and is offered or accepts a position with La Unica, Diverse Staffing, their subsidiaries, divisions or affiliates, the offer may be withdrawn and she may be terminated without notice, cause, or legal recourse.

8. **Non-Disparagement.** Garcia Alvarez agrees that she will not criticize, denigrate, or disparage any of the Released Parties in any comments or statements she may make at any time after the execution of this Agreement. Likewise, the Released Parties agree that they will not criticize, denigrate, or disparage Garcia Alvarez in any comments or statements they may make at any time after the execution of this Agreement.

4

9. **Neutral Reference.** If any prospective employer of Garcia Alvarez contacts Diverse Staffing or La Unica regarding Garcia Alvarez, Diverse Staffing and La Unica shall give a neutral reference, only indicating Garcia Alvarez's dates of employment, position, and if required, rates of pay.

10. **Payment of Applicable Taxes.** Garcia Alvarez is and shall be solely responsible for all federal, state and local taxes that may be owed by Garcia Alvarez by virtue of the receipt of the monetary payment provided under this Agreement. Diverse Staffing is solely responsible for the employer's share of any required taxes. Garcia Alvarez agrees to indemnify and hold Releasees harmless from any and all liability, including, without limitation, all penalties, interest and other costs that may be imposed by the Internal Revenue Service or other governmental agencies regarding any tax obligations that may arise from the monetary consideration made to Garcia Alvarez under this Agreement unless such liability is caused by a wrongful action or inaction of Releasees.

11. **Acknowledgement.** Garcia Alvarez acknowledges that no representation, promise or inducement has been made other than as set forth in this Agreement, and that Garcia Alvarez enters into this Agreement without reliance upon any other representation, promise or inducement not set forth herein. Garcia Alvarez further acknowledges and represents that she assumes the risk for any mistake of fact now known or unknown, and that Garcia Alvarez understands and acknowledges the significance and consequences of this Agreement and represents that its terms are fully understood and voluntarily accepted. Garcia Alvarez also acknowledges that (a) she has consulted with or had the opportunity to consult with an attorney of her choosing concerning this Agreement, is fully aware of its legal effect, and has entered into it freely and voluntarily based on her own judgment and/or her attorneys' advice. Garcia Alvarez further understands and acknowledges that she is only releasing claims that arose prior to the execution of this Agreement.

12. **Implementation.** Garcia Alvarez, Diverse Staffing, and La Unica agree to sign any documents and do anything else that is or may be necessary in the future to implement this Agreement.

13. **Interpretation.** This Agreement shall be construed as a whole according to its fair meaning. It shall not be construed strictly for or against Garcia Alvarez or any Released Party. Unless the context indicates otherwise, the term "or" shall be deemed to include the term "and" and the singular or plural shall be deemed to include the other. Captions are intended solely for convenience of reference and shall not be used in the interpretation of this Agreement.

14. **No Waiver by the Parties.** The waiver by the parties of any provision of this Agreement or a breach of any provision of this Agreement by the parties shall not operate or be construed as a further or continuing waiver of any subsequent breach by the parties.

5

15. **Choice of Law & Choice of Venue.** The parties agree this Agreement will be governed exclusively by Georgia law, and/or federal law, if applicable. The parties further agree that any actions arising under, or to enforce, this Agreement shall be brought exclusively in the United States District Court for the Northern District of Georgia, Atlanta Division.

16. **Counterparts.** This Agreement may be executed in any number of counterparts and by the parties hereto in separate counterparts, with the same effect as if the parties had signed the same document. All such counterparts shall be deemed an original, shall be construed together, shall constitute one and the same instrument. This Agreement may be executed with original signature, photocopy signature, fax signature, or electronic signature permitted and accepted.

17. **Breach.** Garcia Alvarez acknowledges that if she materially breaches or threatens to materially breach this Agreement, including, but not limited to, Garcia Alvarez's obligations in the paragraph pertaining to Non-Disparagement and/or commences a suit or action or complaint in contravention of this release and waiver of claims, the Releasees shall be entitled to all remedies allowed in law or equity. Releasees may seek injunctive relief to enforce the provisions of this Agreement. Likewise, Garcia Alvarez shall be entitled to seek all remedies allowed in law or equity, including but not limited to injunctive relief to enforce the provisions of this Agreement.

18. **Severability.** Except as otherwise provided in this paragraph, if any provision of this Agreement shall be finally determined to be invalid or unenforceable by a court or arbitrator of competent jurisdiction, that part shall be ineffective to the extent of such invalidity or unenforceability only, without in any way affecting the remaining parts of said provision or the remaining provisions of this Agreement.

19. **Entire Agreement.** This Agreement contains the entire agreement and understanding between Garcia Alvarez and the Releasees with respect to its subject matter, and this Agreement supersedes all other agreements between Garcia Alvarez and the Releasees with regard to such disputes or claims. This Agreement shall not be changed unless in writing and signed by Garcia Alvarez, Diverse Staffing, and La Unica.

20. **Knowing and Voluntary Waiver.** Garcia Alvarez acknowledges and agrees that her waiver of rights under this Agreement is knowing and voluntary. She further acknowledges that she understands the terms of this Agreement; that the actual payment is in exchange for her release of the claims referenced in this Agreement; that she has consulted with her attorneys prior to executing this Agreement; that she has consulted with her attorneys in connection with her decision to enter into this Agreement, and that she has been represented by counsel throughout her dealings with Diverse Staffing, and Tienda y Carniceria La Unica concerning this Agreement.

6

> READ THIS RELEASE CAREFULLY AND CONSIDER ALL OF ITS PROVISIONS BEFORE SIGNING IT: IT INCLUDES A RELEASE OF KNOWN AND UNKNOWN CLAIMS. IF YOU WISH, YOU SHOULD CONSULT AN ATTORNEY OR OTHER ADVISOR.

AGREED AND ACCEPTED:

*Remedios Garcia A.*
MARIA REMEDIOS GARCIA ALVAREZ

Dated: 11-17-17

AGREED AND ACCEPTED:

DIVERSE STAFFING GEORGIA, INC.

By: _____

Title: Mz. Dir Admin Services
Dated: 11-27-17

TIENDA Y CARNICERIA LA UNICA

By: _____
Title: President
Dated: 11/17/17

7

3560328v.1